UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTONIO ROBERTSON,

        Petitioner,               Case Number 11-12325
                                              Honorable David M. Lawson

v.

CAROL HOWES,

        Respondent.
_____/

## OPINION AND ORDER SUMMARILY DENYING
## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Antonio Robertson, presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence for second-degree murder, Mich. Comp. Laws § 750.317, and possession of a firearm in the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b. The petitioner was sentenced to thirty to fifty years in prison for the murder conviction and a consecutive two-year prison sentence for the weapons offense. He contends that his conviction should be vacated because the Detroit Recorder's Court judge who accepted the petitioner's guilty plea and sentenced him failed to comply with Michigan law by registering his oath of office with the Michigan Secretary of State. The petitioner further alleges that the Michigan courts improperly denied him post-conviction relief on this claim. Federal habeas relief is not available for these claims. Therefore, the Court will summarily deny the petition.

The petitioner pleaded guilty to second-degree murder and felony-firearm in the Detroit Recorder's Court and was sentenced as mentioned above. It is unclear whether the petitioner filed a direct appeal from his convictions or sentences. The petitioner did file a post-conviction motion

for relief from judgment pursuant to Michigan Court Rule 6.500, *et. seq.,* in which he claimed that Judge Terrance Boyle of the Detroit Recorder's Court failed to register his oath of office with the Michigan Secretary of State's Office, as required under the Michigan Constitution and Michigan's election laws, thereby depriving Judge Boyle of jurisdiction over the petitioner's case.

Judge Boyle was no longer in office, and the motion was assigned to Judge Brian Sullivan of the Wayne County, Michigan circuit court. That court assumed the duties of the Recorders's Court in 1996 when the Michigan Legislature abolished the Detroit Recorder's Court and merged its functions with the Wayne County Circuit Court. On April 29, 2010, Judge Sullivan denied the petitioner's motion for relief from judgment. *People v. Robertson,* No. 94-009145, slip op. (Third Judicial Circuit Ct. Apr. 29, 2010). The Michigan Court of Appeals subsequently denied the petitioner's application for leave to appeal. *People v. Robertson,* No. 298584, slip op. (Mich. Ct. App. Mar. 11, 2011). The petitioner filed an application for leave to appeal to the Michigan Supreme Court, which apparently remains pending before that court.

The petitioner seeks a writ of habeas corpus on the following ground:

> [Mr. Robertson was] denied due process and equal protection of law where the state court failed to hear and determine the federal constitution question testing the validity or precedential value of the U.S. Supreme Court in *Cornell v. Higginbotham*, 403 U.S. 207 (1971)[,] where the trial court judge failed to comply and register his oath of office in compliance to the Michigan election laws, usurping the office with no authority to act under color of state law in any capacity.

Pet. at 3; *see also* Ex. 2, Br. on Appeal, at ii.

When a prisoner files a petition for habeas corpus, the Court must undertake a preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration of the

petition and including any annexed exhibits, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir.1999); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970) (district court has the duty to "screen out" petitions that lack merit on their face). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). After undertaking the review required by Rule 4, the Court concludes that the petition must be denied.

This Court notes in passing that the petitioner's claims are unexhausted because his application for leave to appeal is pending before the Michigan Supreme Court. A state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) & (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995). The exhaustion requirement for habeas petitions is satisfied if a prisoner completes one round of the state's established appellate review process, including a petition for discretionary review with the state supreme court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 839-40, 845 (1999). This means that a prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *See Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003). As a general rule,

federal district courts dismiss habeas petitions that contain unexhausted claims. *See e.g.*, *Pliler v. Ford,* 542 U.S. 225, 230 (2004) (*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

But unexhausted claims may nonetheless be rejected if they lack merit. *See Burton v. Bock,* 239 F. Supp. 2d 686, 691 (E.D. Mich. 2002) (citing 28 U.S.C. § 2254(b)(2), and *Cain v. Redman*, 947 F. 2d 817, 820 (6th Cir.1991)). Such is the case here; the Court need not dismiss the petition on exhaustion grounds.

The petitioner contends that state court Judge Terrance Boyle never registered his oath of office with the Michigan Secretary of State's Office as required by the Michigan Constitution of 1963, art. XI, § 1 and Michigan Compiled Laws § 168.426n. The petitioner senses a want of jurisdiction over him and his case as a result of this alleged oversight and argues the invalidity of his conviction as a result, citing Article 6, clause 3 of the United States Constitution and 4 U.S.C. §§ 101 and 102.

However, state courts, not federal courts, determine their jurisdiction over a criminal case under state law. *Wills v. Egeler,* 532 F.2d 1058, 1059 (6th Cir. 1976); *see also Daniel v. McQuiggin,* 678 F.Supp. 2d 547, 553 (E.D. Mich. 2009). The Sixth Circuit has explained that "a state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001). Judge Sullivan determined that Judge Boyle and the Detroit Recorder's Court had jurisdiction over the petitioner's case. The petitioner's claim that Judge Boyle lacked jurisdiction over his state criminal case raises an issue of state law only and therefore is not cognizable in federal habeas review. *See Spalla v. Foltz*, 788 F.2d 400, 405 (6th Cir. 1986) (holding that a claim that the trial court lacked jurisdiction to try the petitioner for first-degree murder rested on an interpretation of state law and the failure

of the trial judge to comply with state law requirements, and therefore was not cognizable in federal habeas corpus proceeding); *see also Sanborn v. Parker*, 629 F.3d 554, 575 (6th Cir. 2010) (observing that "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States," and that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions" (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991))).

It is worth noting that although there is no state court decision on the subject, two unpublished decisions by the Michigan Court of Appeals have held that a trial judge's failure to register his oath of office with the Michigan Secretary of State's Office does not void a judge's authority to serve in his official capacity, provided that the judge has taken the oath of office. *See American Axle & Mfg., Inc. v. Murdock*, No. 262786 & 265111, 2006 WL 3733887, at *6 (Mich. Ct. App. Dec. 19, 2006); *Donkers v. Livonia Police Dep't*, No. 262348, 2005 WL 3239468, at *7-9 (Mich. Ct. App. Dec. 1, 2005). The Sixth Circuit has rejected a similar jurisdictional challenge made by a federal prisoner. *See United States v. Conces,* 507 F.3d 1028, 1041 (6th Cir. 2007) (rejecting as frivolous the defendant's claim that the federal district court judge's failure to keep his "oaths of office" on file and to produce them upon the request of the defendant deprived the court of subject matter jurisdiction over the defendant's criminal case).

The petitioner's related claim that the Michigan courts wrongfully denied him post-conviction relief on this claim also is not cognizable. "[T]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007). Therefore, a federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *See Greer v. Mitchell,* 264

F.3d 663, 681 (6th Cir. 2001). The reason is that the states have no constitutional obligation to provide post-conviction remedies. *Ibid.* (citing *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987)). Challenges to state collateral post-conviction proceedings "cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254," because "'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" *Kirby v. Dutton*, 794 F. 2d 245, 246 (6th Cir. 1986) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not 'result [in] . . . release or a reduction in . . . time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention.'" *Cress,* 484 F.3d at 853 (quoting *Kirby*, 794 F. 2d at 247). The "'scope of the writ'" does not encompass a "'second tier of complaints about deficiencies in state post-conviction proceedings.'" *Ibid.* "[T]he writ is not the proper means to challenge collateral matters as opposed to the underlying state conviction giving rise to the prisoner's incarceration." *Ibid.* (internal quotation marks omitted).

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt #1] is **SUMMARILY DENIED**.

                              s/David M. Lawson
                              DAVID M. LAWSON
                              United States District Judge

Dated:   June 21, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 21, 2011.

                              s/Deborah R. Tofil
                              DEBORAH R. TOFIL