UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTONIO ROBERTSON,

        Petitioner,                                      Case Number 11-12325
                                                            Honorable David M. Lawson

v.

CAROL HOWES,

        Respondent.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

The petitioner, Antonio Robertson, presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petitioner challenged that his convictions for second-degree murder, Mich. Comp. Laws § 750.317, and possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b, pursuant to a guilty plea, arguing that his convictions should be vacated because the Detroit Recorder's Court judge who accepted his plea and sentenced him failed to comply with Michigan law by registering his judicial oath of office with the Michigan Secretary of State.  The Court found that the petitioner failed to state a claim for which he could receive habeas corpus relief and summarily dismissed the petition.

Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2254 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In denying the habeas petition, the Court concluded that the petitioner's arguments were based on issues of state law and were not cognizable on habeas review. The Court also cited precedent in the Sixth Circuit Court of Appeals and the Michigan courts denying these challenges and rejected the petitioner's concurrent argument that the Michigan courts wrongfully denied him post-conviction relief on his initial claim. The Court now concludes that the petitioner has failed to make a substantial showing that he was denied his federal constitutional rights and that reasonable jurists could not debate the correctness of the Court's decision. Therefore, the Court will deny a certificate of appealability on these issues.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

                                                  s/David M. Lawson
                                                  DAVID M. LAWSON
                                                  United States District Judge

Dated: June 21, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 21, 2011.

                                        s/Deborah R. Tofil
                                        DEBORAH R. TOFIL