UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO ROBERTSON,

        Petitioner,         Case Number 11-12325
                                        Honorable David M. Lawson
v.

CAROL HOWES,

        Respondent.
_____/

**ORDER DISMISSING MOTION FOR RELIEF FROM OPINION AND ORDER SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS**

On May 26, 2011, petitioner Antonio Robertson, presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence for second-degree murder, Mich. Comp. Laws § 750.317, and possession of a firearm in the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b. On June 21, 2011, the Court issued an opinion and order summarily denying the petition and entered judgment. The petitioner filed a notice of appeal on July 7, 2011. Presently before the Court is a motion for relief from the Court's opinion and order filed by the plaintiff on August 12, 2011. The Court will dismiss the motion because it does not have jurisdiction entertain it.

The "[f]iling of a notice of appeal operates to transfer jurisdiction of the case to the court of appeals, and the district court is thereafter without jurisdiction except to act in aid of the appeal." *First Nat'l Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343, 345 n.1 (6th Cir. 1976); *see also Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993) (noting that "the district court did not have jurisdiction to rule on the Rule 60(b) motion after the Pittocks filed a notice of appeal concerning

the dismissal order. As a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal, and at that point the appellate court assumes jurisdiction over the matter."). There are some exceptions to the general rule withdrawing district court jurisdiction when a notice of appeal is filed. The district court retains jurisdiction over a Rule 60(b) motion after a notice of appeal is filed where the "appeal was untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court." *Rucker v. U.S. Dept. Of Labor*, 798 F.2d 891, 892 (6th Cir. 1986). However, those exceptions do not apply here. The petitioner's notice of appeal was timely, it was not an appeal from a non-appealable non-final order, and it did not raise only issues that were previously ruled upon in the case by the appellate court. Therefore, the Court lacks jurisdiction over this case until the appeal has been completed and the Court cannot enter an order on the motion.

Moreover, the Court is not inclined to grant the motion at the present time and makes no determination that it raises a substantial issue. See Fed. R. Civ. P. 62.1(a). The better plan in this case is to allow the appeal to take its course and address post-judgment motions when jurisdiction revests in this Court.

Accordingly, it is **ORDERED** that the petitioner's motion for relief from judgment [dkt. #12] is **DISMISSED**.

                                                      s/David M. Lawson
                                                      DAVID M. LAWSON
                                                      United States District Judge

Dated: August 24, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 24, 2011.

                                            s/Deborah R. Tofil
                                            DEBORAH R. TOFIL